UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDRICK ANTHONY GREGORY, JR.,

        Plaintiff,

v.                                             Case No. 3:19-cv-415-J-34JBT

E. PEREZ-LUGO, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Fredrick Gregory, an inmate of the Florida penal system, initiated this action on April 9, 2019, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Gregory names E. Perez-Lugo, the Florida Department of Corrections (FDOC), Jean Baptiste, and Centurion MHM Service, Inc., as Defendants. Gregory asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they were deliberately indifferent to his serious medical need of surgery for his neck and back. As relief, Gregory requests $10,000,000 in damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted).

## Claims Against FDOC

To the extent Gregory asserts claims against the FDOC, state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of state government, see § 20.315, Fla. Stat., and thus is not a person for purposes of § 1983 litigation. See Will, 491 U.S. at 70. Accordingly, the claims against the FDOC are due to be dismissed because Gregory fails to state a claim upon which relief can be granted.

## Claims Against Centurion

It appears that Gregory is suing Centurion for alleged mismanagement of his medical care. Gregory has failed to allege any claims or facts as to Centurion specifically; therefore, this claim is due to be dismissed as conclusory. See L.S.T., Inc., 49 F.3d at 684; Fullman, 739 F.2d at 556-57; Rehberger, 577 F. App'x at 938. Moreover, Centurion contracted with the FDOC to provide medical services to inmates within the state of Florida. Although Centurion is not a governmental entity, "[w]here a function which is traditionally the exclusive prerogative of the state ... is performed by a private entity, state action is present" for purposes of § 1983. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted). Indeed,

> "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). "[L]iability under § 1983 may not be based on the doctrine of respondeat superior." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

Craig v. Floyd Cty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011); see Denham v. Corizon Health, Inc., Case No. 6:13-cv-1425-Orl-40KRS, 2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works.") (citation omitted), aff'd (11th Cir. Jan. 13, 2017).

Where a deliberate indifference medical claim is brought against an entity, such as Centurion, based upon its functional equivalence to a government entity, the assertion of a constitutional violation is merely the first hurdle in a plaintiff's case. This is so because liability for constitutional deprivations under § 1983 cannot be based on the theory of respondeat superior. Craig, 643 F.3d at 1310 (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc)); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000). Instead, a government entity may be liable in a § 1983 action "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978).

In Monell, the Supreme Court held that local governments can be held liable for constitutional torts caused by official policies. However, such liability is limited to "acts which the [government entity] has officially sanctioned or ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Under the directives of Monell, a plaintiff also must allege that the constitutional deprivation was the result of "an official government policy,

4

the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." Denno, 218 F.3d at 1276 (citations omitted); see Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) (stating Monell "is meant to limit § 1983 liability to 'acts which the municipality has officially sanctioned or ordered'"; adding that "[t]here are, however, several different ways of establishing municipal liability under § 1983").

"A policy is a decision that is officially adopted by the [government entity] or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the [government entity] from acts of employees of the [government entity], and thereby make clear that [governmental] liability is limited to action for which the [government entity] is actually responsible.'" Grech, 335 F.3d at 1329 n.5 (quotation and citation omitted). Indeed, governmental liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives'" by governmental policymakers. City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur, 475 U.S. at 483-84). A government entity rarely will have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the government entity has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S.

397, 404 (1997) (citation omitted). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489. Last, "[t]o hold the [government entity] liable, there must be 'a direct causal link between [its] policy or custom and the alleged constitutional deprivation.'" Snow ex rel. Snow v. City of Citronelle, 420 F.3d 1262, 1271 (11th Cir. 2005) (quotation omitted). Because Centurion's liability under § 1983 would be based on its functional equivalence to the government entity responsible for providing medical care and services to FDOC inmates, Gregory must plead that an official policy or a custom or practice of Centurion was the moving force behind the alleged federal constitutional violation.

Upon review, Gregory has neither identified an official Centurion policy of deliberate indifference nor an unofficial Centurion custom or practice that was "the moving force" behind any alleged constitutional violation. Centurion cannot be held liable based on any alleged conduct of or decisions by its employees simply because they were working under contract for Centurion to provide medical care to inmates incarcerated in the FDOC. Gregory's factual allegations relating solely to alleged individual failures in his medical care are simply insufficient to sustain a claim that there is either a policy to deny medical care to inmates or a practice or custom of denying adequate medical care, much less that the practice was so widespread that Centurion had notice of violations and made a "conscious choice" to disregard them. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Thus, Gregory's § 1983 claim against Centurion is due to be dismissed.

6

**Claims Against E. Perez-Lugo and Jean Baptiste**

Gregory alleges Baptiste refused to schedule an appointment for him to see an outside specialist to examine a degenerative spinal condition that Dr. Fabio Roberti diagnosed while Gregory was in county jail prior to his transfer to prison. Complaint at 4-5. Additionally, Gregory contends that both Baptiste and Perez-Lugo "failed to carry out Dr. Fabio Roberti's order of corrective surgery that was forwarded to the Department of Corrections from Dr. Fabio Roberti's office of the Indian River Memorial Hospital." Id. at 5. According to Gregory, Baptiste was deliberately indifferent to his medical condition because Gregory's previous "care provider" told him that he could be "normal again" if he had the corrective surgery. Id. at 6. Gregory further alleges that Baptiste has "been negligent concerning [his] health care and he has acted outside the color of law" because he has not ordered the surgery recommended by Dr. Roberti. Id.

The Eleventh circuit has explained that

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir.2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir.2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and then actually draw that inference. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir.2003) (quotation omitted).

Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014). "Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take

7

an easier and less efficacious course of treatment" or fail to respond to a known medical problem. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotation marks and citation omitted).

Concerning Perez-Lugo, Gregory has made only conclusory allegations concerning Perez-Lugo's involvement in this case and has failed to make sufficient factual allegations in support of his claim. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Gregory cannot sustain a cause of action against Perez-Lugo. See Rehberger, 577 F. App'x at 938. Accordingly, Gregory's claim for relief against Perez-Lugo is due to be dismissed without prejudice to Gregory's right to re-file a well-pled complaint against this defendant.

Likewise, Gregory's allegations against Baptiste offer sparse factual support of his claim, failing to allege with specificity why Baptiste decided against scheduling an outside appointment or following the recommendation of a different previous physician. Gregory has only alleged legal conclusions as to Baptiste; however, such conclusory allegations are insufficient to sustain a cause of action under § 1983. See id. Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation

8

from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted). As such, without more specific and detailed factual allegations explaining how this situation is more than a mere difference in medical opinion, Gregory has failed to establish Baptiste had a subjective knowledge of a risk of serious harm and Gregory cannot sustain a claim for relief under the Eighth Amendment. Instead, Gregory's sparse allegations suggest he is relying on a theory of negligence to support his deliberate indifference claim, stating as much on page six of his Complaint. Consequently, the allegedly negligent conduct of which Gregory complains does not rise to the level of a federal constitutional violation and his other vague and conclusory allegations provide no basis for relief in this 42 U.S.C. § 1983 action. See Daniels, 474 U.S. at 330-31; Bingham, 654 F.3d at 1176.

**Conclusion**

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915A, without prejudice to Gregory's right to refile his claim under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim under § 1983 against proper defendants,

if he elects to do so.[1] The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Gregory. If Gregory chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations relating to his incarceration, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Additionally, in completing the form, he must write legibly and comply with Local Rule 1.05(a). The Clerk will be directed to provide Gregory a copy of the Local Rule. Moreover, Gregory must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Gregory. If he elects to refile his claims, he may complete and submit the proper forms. Gregory should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a

---

[1] Plaintiff should note that pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

case, Gregory should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

      4.      The Clerk shall provide Plaintiff with a copy of Local Rule 1.05.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of April, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c: Fredrick Gregory #388734